UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| CURTIS LEWIS JONES, # 211006, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:14-cv-1035 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| TOM FINCO, et al., ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendants. ) | |
| _____) | |

This is a consolidated civil rights action brought by nine state prisoners under 42 U.S.C.§ 1983. Plaintiffs seek awards of damages against defendants in their individual capacities based on allegations that the meals served at the Lakeland Correctional Facility (LCF) during Ramadan 2013 (July 9, 2013, through August 3, 2013), violated each plaintiff's First and Eighth Amendment rights.

On July 6, 2015, prisoner Curtis Jones filed the motion for a preliminary injunction now before the court. (docket # 47). Prisoner Jones states that he is currently an inmate at the Alger Correctional Facility (LMF). He "is participating in the 2015 Ramadan Fast which started on June 18, 2015 and will end on July 17, 2015." (*Id.* at 1-2, Page ID 349-50). Jones complains that the Ramadan bag meal that he received at LMF on June 19, 2015, had been "smashed," that his breakfast snack bag meal on June 21, 2015, failed to include two packs of sugar, and that his evening snack bags on June 21, 22, 23, 24, and 25, lacked carrot sticks and included only half cut celery sticks. (*Id.* at 2, Page ID 350). Plaintiff's motion for a preliminary injunction is unrelated to any claim at issue in this lawsuit.

A party seeking a preliminary injunction must show a relationship between the irreparable injury claimed in the motion and the claim pending in his complaint. *See Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010). A motion for preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable. Simply put, a plaintiff is not entitled to a preliminary injunction on claims not pending in the complaint. *See Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010); *see also Smith v. Alford*, No. 1:13-cv-694, 2014 WL 1345407, at * 3 (W.D. Mich. Apr. 4, 2014).

## Recommended Disposition

For the foregoing reasons, I recommend that plaintiff's motion for a preliminary injunction (docket # 47) be denied.

Dated:  July 15, 2015                  /s/  Phillip J. Green
                                       United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).