UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CURTIS LEWIS JONES, # 211006, | |
| Plaintiff, | Case No. 1:14-cv-1035 |
| v. | Honorable Paul L. Maloney |
| TOM FINCO, et al., | |
| Defendants. | |
| RUDY TUCKER, # 207829, | |
| Plaintiff, | |
| v. | Case No. 1:14-cv-1057 |
| TOM FINCO, et al., | Honorable Paul L. Maloney |
| Defendants. | |
| RUDY TUCKER, # 207829, et al., | |
| Plaintiffs, | |
| v. | Case No. 1:14-cv-1153 |
| TOM FINCO, et al., | Honorable Paul L. Maloney |
| Defendants. | |

## **REPORT AND RECOMMENDATION**

These are three consolidated civil rights actions brought *pro se* by nine state prisoners under 42 U.S.C.§ 1983: Curtis Jones # 221006; Rudy Tucker # 207829;

James Calhoun # 187246; Kenneth Clark # 191632; Corey Bailey # 745044; Mark Anderson # 325850; DeJuan Green # 312827; Demel Dukes # 387682; and Jamario Mitchell # 386239. These lawsuits stem from perceived inadequacies in the meals served to plaintiffs at the Lakeland Correctional Facility (LCF) during Ramadan in 2013, which ran from July 9, 2013, through August 7, 2013. The defendants are current and former employees of the Michigan Department of Corrections (MDOC): Deputy Director Tom Finco, Special Activities Coordinator Mike Martin, Dietician and Food Services Manager Brad Purves, LCF's Business Manager Patricia Schmidt, and LCF's Food Service Director Norma Heinemann.[1]

Plaintiffs allege that the meals that they received at LCF during Ramadan in 2013 violated their rights under the Eighth Amendment's Cruel and Unusual Punishments Clause, as well as the First Amendment's Free Exercise Clause. (Complaint, Count I, ECF No. 1, PageID.12-14; Complaint, Count I, ECF No. 9, PageID.100-02; Complaint, Count I, ECF No. 10, PageID.166-68). The complaints also contain scattered word processing vestiges of Religious Land Use and Institutionalized Persons Act (RLUIPA) claims (ECF No. 1, PageID.7-9, 11; ECF No. 9, PageID.95-97, 99; ECF No. 10, PageID.160-63, 165). The Court previously dismissed those claims for failure to state a claim on which relief can be granted because RLUIPA does not

---

[1]It is undisputed that all the defendants were MDOC employees during the relevant time period, which ran from July 9, 2013, through August 7, 2013. Defendants' brief indicates that defendants Finco, Heinemann, and Martin have retired. Defendant Purves "now works in another position with MDOC" and defendant Schmidt "now goes by the last name Popoff." (ECF No. 63, PageID.428).

provide a cause of action for damages. (ECF No. 1-1, PageID.19; ECF No. 9-1, PageID.107; ECF No. 10-1, PageID.174). Plaintiffs seek an award of damages against defendants in their individual capacities.[2] (ECF No. 1, PageID.9-10, 14-15; ECF No. 9, PageID.97-98, 102-03; ECF No. 10, PageID.163-64, 168-69).

All the plaintiffs' complaints relied on a ruling that United States District Judge Gordon J. Quist of this Court made very early in the life of the case of *Heard et al. v. Finco*, et al., No. 1:13-cv-373: a case involving essentially identical claims by another group of LCF prisoners. (*see* ECF No. 1, PageID.11-12; ECF No. 1-1, PageID.21-22; ECF No. 9, PageID.99-100; ECF No. 9-1, PageID.112-13; ECF No. 10, PageID.165-66; ECF No. 10-1, PageID.176-77).

The matter is before the Court on plaintiff Tucker's motion for summary judgment (ECF No. 64) and Defendants' motion for summary judgment (ECF No. 62). The Court deferred a decision until after Judge Quist entered his decision in Case No. 1:13-cv-373 regarding the defendants' claim of entitlement to qualified immunity. On February 16, 2017, Judge Quist found that the defendants were entitled to qualified immunity. *See Heard v. Finco*, No. 1:13-cv-373, 2017 WL 631600, at * 3 (W.D. Mich. Feb. 16, 2017). Because I find Judge Quist's decision to be persuasive, I recommend that plaintiff Tucker's motion for summary judgment be denied and defendants' motion for summary judgment be granted.

---

[2]None of the plaintiffs purported to bring a claim based on alleged violation of the Fourteenth Amendment's Equal Protection Clause. (ECF No. 1, PageID.12; ECF No. 9, PageID.100; ECF No. 10, PageID.166).

## Applicable Standards

A. Summary Judgment

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, No. 16-1876, __ F. App'x __, 2017 WL 384874, at * 4 (6th Cir. Jan. 27, 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

B.  <u>Qualified Immunity</u>

Defendants argue that they are entitled to summary judgment on plaintiff's claims against them on the basis of qualified immunity. "Once [an] official[ ] raise[s] the qualified immunity defense, the plaintiff bears the burden to 'demonstrate that the official [is] not entitled to qualified immunity.'" *LeFever v. Ferguson*, 645 F. App'x 438, 442 (6th Cir. 2016) (quoting *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006)); *see Hermansen v. Thompson*, No. 16-6197, __ F. App'x __, 2017 WL 438225, at *3 (6th Cir. Feb. 1, 2017).

"A government official sued under section 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Carroll v. Carman*, 135 S. Ct. 348,

350 (2014); *see Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015); *Lane v. Franks*, 134 S. Ct. 2369, 2381 (2014). The first prong of qualified immunity analysis is whether the plaintiff has alleged facts showing that each defendant's conduct violated a constitutional or statutory right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second prong is whether the right was "clearly established" at the time of the defendant's alleged misconduct. *Id.* Trial courts are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

A qualified immunity defense can be asserted at various stages of the litigation, including the summary judgment stage. *See English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994). The qualified immunity inquiry at the summary judgment stage is distinguished from the Rule 12(b)(6) stage in that generalized notice pleading no longer suffices, and the broader summary judgment record provides the framework within which the actions of each individual defendant must be evaluated. At the summary judgment stage, "the plaintiff must, at a minimum, offer sufficient evidence to create a 'genuine issue of fact,' that is, 'evidence on which a jury could reasonably find for the plaintiff.'" *Thompson v. City of Lebanon, Tenn.*, 831 F.3d 366, 370 (6th Cir. 2016); *see Holsey v. Wieber*, 811 F.3d 844, 846 (6th Cir. 2016); *see also Zuhl v. Haskins*, 652 F. App'x 358, 361(6th Cir. 2016).

In *Brosseau v. Haugen*, the Supreme Court examined the underlying purpose of the requirement that the law be clearly established:

> Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, misapprehends the law governing the circumstances she confronted....Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct. If the law at the time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation.

543 U.S. 194, 198 (2004); *see also Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) ("The dispositive question is whether the violative nature of the particular conduct is clearly established.") (citation and quotation omitted); *City & County of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) ("An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in his shoes would have understood that he was violating it, meaning that existing precedent placed the statutory or constitutional question beyond debate.") (citations and quotations omitted). Qualified immunity is an immunity from suit rather than a mere defense to liability. *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2019 (2014).

The Supreme Court has repeatedly held that the second prong of the qualified immunity analysis " 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' " *Brosseau v. Haugen*, 543 U.S. at 198 (quoting *Saucier v. Katz*, 533 U.S. at 201); *see White v. Pauly*, 137 S. Ct. 548, 552 (2017). Moreover, courts are "not to define clearly established law at a high level of generality, since

-7-

doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard*, 134 S. Ct. at 2023 (citations and quotations omitted); *see White v. Pauly*, 137 S. Ct. at 552.

"The burden of convincing a court that the law was clearly established 'rests squarely with the plaintiff.' " *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999) (quoting *Cope v. Heltsley*, 128 F.3d 452, 459 (6th Cir. 1997)); *see Shreve v. Franklin County, Ohio*, 743 F.3d 126, 134 (6th Cir. 2014); *T. S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014). The burden applies to each claim that the plaintiff is asserting against a defendant. *See Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015).

### **Preliminary Matters**

None of the *pro se* litigants can act in a representative capacity for others. Each plaintiff is limited to representing himself on his own claims. 28 U.S.C. § 1654; *see Garrison v. Michigan Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009); *see also Rouse v. Matteucci*, No. 1:16-cv-1358, 2016 WL 7383399, at * 4 (W.D. Mich. Dec. 21, 2016) (collecting cases). Here, *Jones v. Finco, et al.*, Case No. 1-14-cv-1035 was filed by prisoner Jones (ECF No. 1. PageID.15; *see also* ECF No.51, PageID.398). *Tucker v. Finco, et al.*, No. 1:14-cv- 1057 was filed by prisoner Tucker. (ECF No. 9, PageID.103; *see also* ECF No. 51, PageID.398). *Tucker, et al., v. Finco, et al.*, No. 1:14-cv-1153 was filed by all nine plaintiffs. (ECF No. 10, PageID.169-70; *see also* ECF No. 51, PageID.398-99).

Although these lawsuits were consolidated for administrative convenience under the authority provided by Rule 42(a)(2) of the Federal Rules of Civil Procedure (ECF

No. 8), it is well established that consolidated cases maintain their separate identity. *See Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 412 (6th Cir. 1998). While "consolidation is permitted as a matter of convenience and economy in administration, it does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Id.* (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933); *accord GMAC Mortg., LLC v. McKeever*, 651 F. App'x 332, 339 (6th Cir. 2016).

## **Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiffs are inmates held in the custody of the Michigan Department of Corrections (MDOC). During the relevant time period of Ramadan 2013, which ran from July 9, 2013, through August 7, 2013, plaintiffs were Muslim inmates at the Lakeland Correctional Facility (LCF).[3] (ECF No. 10, PageID.160-63, 165). The defendants are current and former MDOC employees: Deputy Director Tom Finco, Special Activities Coordinator Mike Martin, Dietician and Food Services Manager Brad Purves, Lakeland Correctional Facility's (LCF's) Business Manager Patricia Schmidt, and LCF's Food Service Director Norma Heinemann.

---

[3]Because plaintiffs' complaints are verified under penalty of perjury (ECF No. 1, PageID.15; ECF No. 9, PageID.103; ECF No. 10, PageID.169), they are considered affidavits in opposition to defendants' motion for summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008). "Verified" arguments and legal conclusions are not evidence, however. Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Medison Am. Inc. v. Preferred Med. Sys.,LLC*, 357 F. App'x 656, 662 (6th Cir. 2009); *see also Stine v. State Farm Fire & Cas. Co.*, 428 F. App'x 549, 550 (6th Cir. 2011) (A "conclusory affidavit bypasses the specific-facts requirement of Federal Rule of Civil Procedure 56 necessary to forestalling summary judgment.").

On March 26, 2013, prisoner Lamont Heard and three other inmates at LCF filed the lawsuit that gave rise to the lawsuits addressed herein: *Heard et al. v. Finco*, et al., No. 1:13-cv-373. On July 10, 2013, Judge Quist entered an order related to the 2013 Ramadan meals at LCF, which served as a catalyst for these lawsuits. Plaintiffs attached Judge Quist's order as an exhibit to their complaints. (ECF No. 1-1, PageID.21-22; ECF No. 9-1, PageID.112-13; ECF No. 10-1, PageID.176-77). Judge Quist later clarified that this order was based on representations made by the defendants during the course of the litigation. *See Heard v. Finco*, No. 1:13-cv-373, 2017 WL 631600, at * 2-3 (W.D. Mich. Feb. 16, 2017). Further, Judge Quist held that the defendants were entitled to qualified immunity on the LCF prisoners' First and Eighth Amendment claims based on the Ramadan meals served at LCF in 2013 and 2014. *Id.* at * 3.

Barbara Anderson has been a registered dietician/nutritionist for 38 years. She has evaluated the MDOC's 2013 Standard Ramadan Menu and determined that the menu met the estimated caloric needs per 2010 Dietary Guidelines for Americans. The 2010 Dietary Guidelines indicate an estimated caloric need of 2000 calories to 2800 calories for sedentary to moderately active men, 19 years to 51+ years of age. The 2013 Ramadan menu provided at least 2,350 calories per day, based on a two-week average. LCF was required to serve the same Ramadan menu as every other MDOC facility. Further, if a male prisoner was unable to maintain appropriate weight eating from the Statewide Standard Ramadan Menu, he could be referred to a registered dietician to determine if a snack or other supplement was medically necessary. The Statewide

Standard Ramadan Menu was developed using Nutritionist Pro software that is used by a number of states for assisting in the planning of nutritional menus. (Anderson Aff. ¶¶ 1-9, ECF No. 63-3, PageID.447-48).

    A.    <u>Curtis Jones</u>

Prisoner Jones was an inmate at LCF and he participated in the 2013 Ramadan fast. (Jones Decl. ¶¶ 1-3, ECF No. 71, PageID.506). He states that he calculated the number of calories for each meal on the 2013 Ramadan menu and he reached a conclusion that they were inadequate. Jones provides no evidence indicating that his method of calculation is generally accepted by dieticians. Jones contacted LCF's Food Service Director Norma Heinemann and Business Manager Patricia Schmidt and was advised that the MDOC's 2013 Ramadan menu was produced by the MDOC's CFA office in Lansing. Prisoner Jones states that he showed Ms. Heinemann and Ms, Schmidt a copy of Judge Quist's July 10, 2013, order. (*Id.* at ¶¶ 4-8, 14, PageID.506-08; ECF No. 71-1, PageID.510-33; ECF No. 71-3, PageID.537-41).

Prisoner Jones states that he wrote a letter to Deputy Director Tom Finco and enclosed a copy of Judge Quist's order. On July 27, 2013, prisoner Jones wrote a medical kite complaining that after 21 days of fasting, he was experiencing headaches, fatigue, light-headedness, and stomach pains. Jones remained healthy enough to continue working out in the prison's weight pit with prisoner Bailey each day during the period at issue. Prisoner Jones presents no medical evidence in support of his claims against defendants. (Jones Decl. at ¶¶ 10-13,ECF No. 71 , PageID.507-08; ECF No. 71-2, PageID.535).

B. <u>Rudy Tucker</u>

Prisoner Tucker was an inmate at LCF and he participated in the Ramadan fast. Prisoner Tucker states that he calculated the number of calories on the 2013 Ramadan menu and reached a conclusion that they were inadequate. Tucker provides no evidence that his method of calculation is generally accepted by dieticians. Tucker contacted LCF's Food Service Director Heinemann and she advised him that the MDOC's 2013 Ramadan menu was produced by the CFA office in Lansing. Prisoner Tucker states that he showed Ms. Heinemann a copy of Judge Quist's July 10, 2013, order. Prisoner Tucker states that during his 2013 Ramadan fast, he experienced weight loss, fatigue, light-headedness, and stomach pains. He presents no medical evidence in support of his claims against defendants. (Tucker Decl. ¶¶ 1-11, ECF No. 69, PageID.500-01).

C. <u>Corey Bailey</u>

Prisoner Bailey states that he was an inmate at LCF and he participated in the 2013 Ramadan fast. (Bailey Aff. ¶¶ 1-2, ECF No. 70, PageID.504). He experienced some weight loss, hunger pains and weakness. (ECF No. 10 at ¶ 34, PageID.166). Prisoner Bailey states that each day during 2013 Ramadan he worked out in the prison's weight pit with prisoner Jones. (Bailey Decl. ¶ 3, ECF No. 70, PageID.504). Prisoner Bailey presents no medical evidence in support of his claims against defendants.

D. Other Plaintiffs

Prisoners Calhoun, Clark, Anderson, Green, Dukes, and Mitchell were Muslim inmates at LCF during the relevant time period. (ECF No. 10, PageID.160-63, 165). Although these plaintiffs did not file affidavits in support of their claims, the allegations in their verified complaint regarding the meals served at LCF during Ramadan 2013 are sufficient to support an inference that they were participants in the Ramadan fast and that during the fast, they experienced some weight loss, hunger pains, and weakness. (ECF No. 10 at ¶ 26-29, 34, PageID.165-66). Prisoners Calhoun, Clark, Anderson, Green, Dukes, and Mitchell present no medical evidence in support of their claims against defendants.

## Discussion

### I. RLUIPA

The Court previously dismissed plaintiffs' purported claims for damages under RLUIPA for failure to state a claim upon which relief could be granted. (*See* ECF No. 1-1, PageID.19; ECF No. 9-1, PageID.107; ECF No. 10-1, PageID.174). Although the Court has advised the parties that there are no RLUIPA claims at issue in these consolidated cases (*see, e.g.*, ECF No. 51, PageID.397-99; ECF No. 52, PageID.404; ECF No. 60), the briefing on the motions now before the Court suggests that at least some parties believe that RLUIPA claims for damages are at issue. (*See* ECF No. 63, PageID.428, 438; ECF No. 68, PageID.471; ECF No. 76, PageID.559, 568-72; ECF No. 78, PageID.605; ECF No. 79, PageID.642-44). To the extent that any RLUIPA claim has been asserted, defendants are entitled to judgment in their favor as a matter of

law.  RLUIPA does not provide a cause of action for damages.  *See Sossamon v. Texas*, 563 U.S. 277, 293 (2011); *Haight v. Thompson*, 763 F.3d 554, 567-568 (6th Cir. 2014).

## II. First and Eighth Amendment Claims

Defendants claim entitlement to summary judgment on the basis of qualified immunity.  Plaintiffs argue that they were "similarly situated" to the LCF prisoner plaintiffs in *Heard v. Finco*, No. 1:13-cv-373.  (ECF No. 76, PageID.562; ECF No. 79, PageID.636).  By way of examples, "the Plaintiff(s) in *Heard* helped these Plaintiffs calculate all calorie counts" and "the same calculations given by these Plaintiffs were used in *Heard v. Finco*."  (ECF No. 68, PageID.473; ECF No. 76, PageID.561; ECF No. 79, PageID.635).  Plaintiffs emphasize that the Court should "take judicial notice" of *Heard v. Finco* because it "provided [the] clearly established constitutional rights of which a reasonable person should have known."  (ECF No. 68, PageID.436; ECF No. 76, PageID.575; ECF No. 79, PageID.649).  Plaintiffs argue that Judge Quist's rulings in *Heard v. Finco* undermine defendants' claims of qualified immunity.  (ECF No. 68, PageID.473-80, 482-84; ECF No. 68-1, PageID.488-99; ECF No. 74, PageID.546; ECF No. 76, PageID.561-68, 570-72; ECF No. 76-1, PageID.578-89; ECF No. 79, PageID.636-42, 644-46; ECF No. 79-1, PageID.652-63).

On February 16, 2017, Judge Quist held that, in both 2013 and 2014, the caloric content to which Michigan prisoners were entitled under the First and Eighth Amendments was not clearly established such that MDOC defendants were entitled to summary judgment on the basis of qualified immunity:

-14-

> In 2013 and 2014, it was not clearly established that 2,350 calories or more per day, or even an average of 2,350 calories per day, was required for prisoners fasting for the 28-30 days of Ramadan to maintain normal health. There was scant case law from the Sixth Circuit, and *Cunningham v. Jones*, 667 F.3d 565 (6th Cir. 1982) (*per curiam*), one of the most cited cases on the issue, said that between 2,000 and 2,500 calories per day for 15 days did not violate the Eighth Amendment. Although Plaintiffs dispute that they actually received all the calories in 2013 and 2014 that Defendants said they would provide, it is undisputed that Defendants created Ramadan diets for 2013 to provide an average of 2,350 calories per day. Moreover, it appears that any shortage of food items occurred because of errors or mismanagement at the local facility level and not because the MDOC's Ramadan diet was inadequate. In any event, there is no indication that Plaintiffs received substantially less than a daily average of 2,350 calories in either 2013 or 2014 or that such average fell below the 2,000 calorie floor cited in *Cunningham*.
>
> Accordingly, the Court concludes that Defendants are entitled to summary judgment based on qualified immunity on Plaintiffs' First and Eighth Amendment claims for Ramadan 2013 and 2014.

*Heard v. Finco*, No. 1:13-cv-373, 2017 WL 631600, at * 3 (W.D. Mich. Feb. 16, 2017).

Contrary to plaintiffs' assertions, Judge Quist's decision in *Heard v. Finco* persuasively establishes that defendants are entitled to qualified immunity.

## III. Equal Protection

As previously indicated, none of the plaintiffs purported to bring an action based on alleged violation of the Fourteenth Amendment's Equal Protection Clause. (ECF No. 1, PageID.12; ECF No. 9, PageID.100; ECF No. 10, PageID.166). The single sentence found in paragraph 37 of each complaint stating that the defendants actions were unreasonable because "the same calories [sic] intake restrictions [were] not placed on similarly situated Jewish prisoners during their fasting period" (ECF No. 1, PageID.12; ECF No. 9, PageID.100; ECF No. 10, PageID.166) fails to allege facts

-15-

sufficient to state a claim upon which relief can be granted. *See Robinson v. Jackson*, 615 F. App'x 310, 314-15 (6th Cir. 2015). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Plaintiffs' purported Equal Protection Clause claims are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

Even assuming that these purported claims could withstand a Rule 12(b)(6) motion to dismiss, they could not survive defendants' motion for summary judgment based on a claim of entitlement to qualified immunity. Plaintiffs have not presented evidence on which a reasonable trier of fact could find in their favor on their purported equal protection claims. *See Thompson v. City of Lebanon, Tenn.*, 831 F.3d at 370. Plaintiffs presented no evidence regarding Jewish fasting periods and the caloric content of meals provided at LCF to such prisoners in 2013. The argument offered in plaintiffs' briefs (ECF No. 68, PageID.484-85; ECF No. 76, PageID.572-73; ECF No. 79, PageID.646-47) is not evidence. *See Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).

Plaintiffs' purported claims fare no better under the second prong of the qualified immunity analysis. Each plaintiff had the burden of convincing the Court that, as to each claim asserted against each defendant, the law was clearly established. *See Johnson v. Moseley*, 790 F.3d at 653. Courts are "not to define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard*, 134 S. Ct. at 2023; *see also Hermansen v. Thompson*, 2017 WL 438225, at * 3-4. "An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in his shoes would have understood that he was violating it, meaning that existing precedent placed the statutory or constitutional question beyond debate." *City & County of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015). Plaintiffs present nothing approaching this demanding standard as to any equal protection claim based on caloric content of meals provided to LCF prisoners during the period at issue. *See Heard v. Finco*, 2017 WL 631600, at * 3.

## **Conclusion**

For the foregoing reasons, I recommend that plaintiff Tucker's motion for summary judgment (ECF No. 64) be denied, and that defendants' motion for summary judgment (ECF No. 62) be granted.

Date: May 4, 2017          /s/ Phillip J. Green
                           PHILLIP J. GREEN
                           United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).