UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| CURTIS LEWIS JONES, #221006, et al., | ) | |
|     Plaintiffs, | ) | |
| | ) | No. 1:14-cv-1035 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| TOM FINCO, et al., | ) | |
|     Defendants. | ) | |
| | ) | |
| RUDY TUCKER, #207829, | ) | |
|     Plaintiff, | ) | |
| | ) | No. 1:14-cv-1057 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| TOM FINCO, et al., | ) | |
|     Defendants. | ) | |
| | ) | |
| RUDY TUCKER, #207829, et al., | ) | |
|     Plaintiffs, | ) | |
| | ) | No. 1:14-cv-1153 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| TOM FINCO, et al., | ) | |
|     Defendants. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDAITON AND DISMISSING LAWSUITS

    This matter comes before the Court on a report and recommendation. These three § 1983 lawsuits have been administratively consolidated. The claims in each case arise from the same set of events. The plaintiffs are nine prisoners. In each of the three cases, Defendants filed a motion for summary judgment, raising qualified immunity. In each of these three cases, Plaintiff Rudy Tucker filed a motion for summary judgment. The

magistrate judge issued a report recommending Defendants' motions be granted and the claims dismissed. Plaintiff Curtis Jones filed the only objection. For clarity and administrative purposes, the Court notes the relevant events electronically docketed in each lawsuit. When citing to the record, the Court will refer to PageID numbers in the lead case, 14-cv-1035.

    1:14-cv-1035
        ECF No. 62 Defendants' motion for summary judgment
        ECF No. 64 Plaintiff Rudy Tucker's motion for summary judgment
        ECF No. 94 Report and Recommendation
        ECF No. 96 Plaintiff Curtis Jones's objection

    1:14-cv-1057
        ECF No. 58 Defendants' motion for summary judgment
        ECF No. 60 Plaintiff Rudy Tucker's motion for summary judgment
        ECF No. 90 Report and Recommendation
        ECF No. 92 Plaintiff Curtis Jones's objection

    1:14-cv-1153
        ECF No. 61 Defendants' motion for summary judgment
        ECF No. 63 Plaintiff Rudy Tucker's motion for summary judgment
        ECF No. 93 Report and Recommendation
        ECF No. 95 Plaintiff Curtis Jones's objection

Plaintiffs, all members of the Islamic faith, complain about the meals served during Ramadan in 2013. They raise claims under the Eighth Amendment, the First Amendment, and under the Religious Land Use and Institutionalized Persons Act (RLUIPA). The RLUIPA claims were previously dismissed and are not at issue.

Relevant to this case and to the pending motions is a fourth lawsuit, which was filed in 2013 and which, in amended and supplemental complaints, also raised claims about the meals served during Ramadan in 2013. In the fourth case, 1:13-cv-373, on February 16, 2017, Judge Quist issued an order granting the defendants qualified immunity for the 2013

Ramadan meal related claims. In these three cases, the magistrate judge recommends granting Defendants' motions for the same reason Judge Quist granted the motion in the 2013 case; the rights at issue in the claims were not clearly established in 2013.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

First, the magistrate judge explained to the litigants that consolidation of the cases was for administrative purposes only and that each plaintiff had to represent himself on his own claims. (R&R at 8 PageID.697.) The magistrate judge then warned the parties that the failure to timely file objections may constitute a waiver of any further right to appeal. (*Id.* at 18 PageID.707.) Only Plaintiff Jones filed an objection. The objection was not, and could not, be filed on behalf of all of the plaintiffs in each of the three cases. Accordingly, the plaintiffs other than Jones have no objections to the R&R and, for those Plaintiffs, the R&R is adopted as the opinion of this Court.

Second, Jones does not object to the dismissal of his claims against defendants Finco, Martin, and Purves. For the claims against those three defendants, the R&R is adopted and the claims are dismissed.

Third, Jones objects to the dismissal of his claims against defendants Heinemann and Schmidt. Jones relies on a quotation in this R&R from an R&R issued in the Judge Quist 2013 case.

> Moreover, it appears that any shortage of food items occurred because of errors or mismanagement at the local facility level and not because the MDOC's Ramadan diet was inadequate. In any event, there is no indication that Plaintiffs received substantially less than a daily average of 2,350 calories in either 2013 or 2014 or that such average fell below the 2,000 calorie floor cited in *Cunningham.*

(R&R at 15 PageID.704.) Jones reasons that the mismanagement resulted in him receiving between 1,700 and 1,900 calories on any given day. Jones believes these facts are sufficient to overcome qualified immunity.

Jones's objection is OVERRULED. First, Judge Quist granted summary judgment on the qualified immunity claim in the 13-cv373 case because neither the Supreme Court nor the Sixth Circuit have specified the number of calories required for a nutritionally-adequate diet. *See Welch v. Spaulding*, 627 F. App'x 479, 483 (6th Cir. 2015) (holding that because a nutritionally-adequate diet is a multi-factored inquiry, the court would not define the established right to a nutritious diet during Ramadan in terms of a specific daily caloric requirement). Jones's objection does not overcome the lack of a clearly established right. Second, as characterized in his objection, Jones's mismanagement claim is one for negligence, not for a violation of his constitutional rights. Section 1983 imposes liability for

violations of constitutional rights, not for the violations of a duty giving rise to a tort claim. *Baker v. McCollan*, 443 U.s. 137, 146 (1979). Finally, Jones does not object to the portion of the R&R finding that he failed to present any medical evidence to support his claims; he remained healthy enough to work out in the prison's weight pit each day during the relevant time period. (R&R at 11 PageID.700.)

For these reasons, the R&R is **ADOPTED** as the Opinion of this Court. Defendants' motions for summary judgment for qualified immunity are **GRANTED.** Plaintiff Tucker's motions for summary judgment are **DENIED.** The § 1983 claims for violations of the First Amendment and the Eighth Amendment are **DISMISSED.**

**IT IS SO ORDERED.**

Date: July 7, 2017 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge